UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

WESTCHESTER PUTNAM HEAVY &
HIGHWAY LABORERS LOCAL 60
BENEFIT FUNDS, *et al.*,

           **Plaintiffs,**

   - against -

SADIA S.A., *et al.*,

           **Defendants.**

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/8/09

**MEMORANDUM
OPINION
AND ORDER**

08 Civ. 9528 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

I.   **INTRODUCTION AND BACKGROUND**

      Plaintiffs – holders of American depository receipts ("ADRs") representing shares of Sadia S.A., a Brazilian food-processing company – brought this securities fraud action pursuant to sections 10(b) and 20(a) of the Securities Exchange Act of 1934. Plaintiffs now move to lift in part the discovery stay in place in this action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Specifically, plaintiffs request that defendants produce a report issued at the conclusion of an internal investigation, which has already been made available to Brazilian shareholders at Sadia's headquarters. Brazilian investors

1

have brought a parallel action under Brazilian law against the former Chief Financial Officer of Sadia – Adriano Lima Ferreira – who is also a defendant in this case. For the reasons set forth below, plaintiffs' motion to lift the discovery stay in part is granted.

## II. APPLICABLE LAW

The PLSRA imposes a stay of discovery while a motion to dismiss is pending. Specifically, the statute states,

> In any private action arising under [federal securities law], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.[1]

## III. DISCUSSION

The discovery stay may be lifted *only* when the request is sufficiently particularized *and* when maintenance of the stay would either generate an impermissible risk of the destruction of evidence or create undue prejudice. It is undisputed that the discovery plaintiffs request is sufficiently particularized, as it is limited to a single report. Although there are no concerns regarding preservation, plaintiffs have shown that they will be unduly prejudiced unless the

---

[1] 15 U.S.C. § 78u-4(b)(3)(B).

2

discovery stay is partially lifted. One of the principal purposes of the PSLRA discovery stay is to eliminate the cost of discovery before the potential merit of a case is assessed at the motion to dismiss phase. However, that burden is slight when a defendant has "already found, reviewed and organized the documents."[2] Given the existence of parallel litigation, without access to the report, plaintiffs are disadvantaged vis-à-vis Brazilian litigants. In balancing the burden to defendants against the potential prejudice to plaintiffs, the balance favors plaintiffs, based on the lack of any cost to defendants to produce those documents and plaintiffs' unusual need for an early review of crucial records.

However, the report cannot be used – as plaintiffs envision – to buttress their opposition to defendants' motion to dismiss. This would be an improper end run around the statutory stay of discovery. A motion to dismiss addresses the sufficiency of a complaint, and the inclusion of documents outside of a complaint would transform the motion into one seeking summary judgment. This is not the time for such a motion.

## IV. CONCLUSION

For the reasons described above, defendants are ordered to produce

---

[2] *In re LeBranche Secs. Litig.*, 333 F. Supp. 2d 178, 183 (S.D.N.Y. 2004) (citing *In re Enron Corp. Secs., Derivative & "ERISA" Litig.*, No. MDL-1446, 2002 WL 31845114, at *1 (S.D. Tex. Aug. 16, 2002)).

the internal investigation report the day *after* plaintiffs respond to defendants' motion to dismiss. Plaintiffs are not permitted to use this report in any further opposition to the motion to dismiss.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         May 7, 2009

## - Appearances -

### For Plaintiffs:

Curtis Victor Trinko, Esq.
Law Offices of Curtis V. Trinko, LLP
16 West 46th Street, 7th Floor
New York, New York 10036
(212) 490-9550

Catherine A. Torell, Esq.
Cohen, Milstein, Sellers & Toll, P.L.L.C.
150 East 52nd Street, 30th Floor
New York, New York 10022
(212) 838-7797

Lester R. Hooker, Esq.
Maya Saxena, Esq.
Christopher Steven Jones, Esq.
Saxena White P.A.
2424 N. Federal Highway
Boca Raton, Florida 33431
(561) 394-3399

John J. Gross, Esq.
Christopher L. Nelson, Esq.
Katharine M. Ryan, Esq.
Barroway Topaz Kessler Meltzer & Check, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
(610) 667-7706

Joseph E. White, Esq.
Milberg, Weiss Bershad & Schulman LLP
5200 Town Center Circle, Suite 600
Boco Raton, Florida 33486
(561) 361-5000

### For Defendants:

Lawrence Steven Hirsh, Esq.
Jonathan Dick Siegfried, Esq.
John Eric Schreiber, Esq.
James P. Smith, Esq.
Wendy Ann Walker, Esq.
Dewey & LeBouef, LLP
1301 Avenue of the Americas
New York, New York 10019
(212) 259-8000

5