UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

WESTCHESTER PUTNAM HEAVY &
HIGHWAY LABORERS LOCAL 60
BENEFIT FUNDS, *et al.*,

           Plaintiffs,

   - against -

SADIA S.A., *et al.*,

           Defendants.

------------------------------------------------------------- X

SHIRA A. SCHEINDLIN, U.S.D.J.:

**MEMORANDUM
OPINION
AND ORDER**

**08 Civ. 9528 (SAS)**



## I.    INTRODUCTION

      Plaintiffs – holders of American depository receipts ("ADRs") representing shares of Sadia S.A., a Brazilian food-processing company – brought this securities fraud action pursuant to sections 10(b) and 20(a) of the Securities Exchange Act of 1934. Prior to resolution of defendants' motion to dismiss, plaintiffs requested production of an internal investigation report, in effect moving to lift in part the discovery stay in place in this action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). On May 7, 2009, this Court granted plaintiffs' motion, with the caveat that the report was not to be

disclosed until the day after plaintiffs respond to defendants' motion to dismiss.[1]

Defendants now move for reconsideration of the May 7 decision. For the reasons stated below, defendants' motion is denied.

## II. BACKGROUND

This Court's prior opinion relied on plaintiffs' representation that the Report has already been made available to Brazilian shareholders at Sadia's headquarters. Moreover, plaintiffs stated that Brazilian investors had initiated suit – through Sadia – against the company's former Chief Financial Officer, Adriano Lima Ferreira. Ferreira is also a defendant in this case.

Defendants have now submitted a declaration signed by Gustavo Contrucci, outside counsel to Sadia. Contrucci makes two relevant statements:

> 3. At the April 6, 2009 shareholders meeting, the shareholders authorized Sadia to bring an action against its former CFO under Article 159 of Law 6404/76. Under Brazilian law, this means that Sadia has an exclusive period in which to bring such an action. Sadia is not, however, required to do so and may determine not to, in which case a shareholder owning more than 5% of the company's stock may, if he chooses, initiate a suit.
>
> 4. I can further confirm that the BDO Report is not

---

[1] *See Westchester Putnam Heavy & Highway Laborers Local 60 Benefits Fund v. Sadia S.A.*, No. 08 Civ. 9528, Memorandum Opinion and Order, Docket No. 30 (S.D.N.Y. May 7, 2009). This opinion is not yet available in electronic databases.

2

available to any investor to bring or maintain a lawsuit against the Company or its former CFO.[2]

In response to the Contrucci declaration, plaintiffs submit a copy of Sadia's April 6, 2009 Form 6-K, which contain the minutes from Sadia's April 6, 2009 shareholders meeting. The minutes contain two relevant statements:

> 7.1 According to item (I) of the Agenda, the *conclusions* of the Special Audit report prepared by BDO Trevisan were submitted and discussed by the shareholders present, an[d] it was emphasized that *the report* had been available to the interested shareholders at the Company's main address since March 30, 2009.
>
> 7.2 In accordance with item (ii) of the Agenda, the shareholders present discussed and passed the following resolution: (a) by unanimous voting, to file a liability action pursuant to the terms of article 159 of Law 6404/76 (Corporation Law) in the matter of Mr. Adriano Lima Ferreira, former Finance and Corporate Development Director, for the losses caused to the Company as a result of conducting derivatives transactions and also to engage the services of specialist lawyers to prepare and file the aforementioned action.[3]

## III. APPLICABLE LAW

A motion for reconsideration is governed by Local Rule 6.3 and is

---

[2]   5/12/09 Declaration of Gustavo Contrucci ("Contrucci Decl."), Brazilian counsel to defendant Sadia S.A., Ex. to 5/12/09 Letter from Jonathan D. Siegfried, counsel to defendants.

[3]   4/6/09 Sadia Form 6-K (emphasis added), Ex. A to 5/13/09 Letter from Maya Saxena and Katharine M. Ryan, counsel to plaintiffs.

3

appropriate where "'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[4] "A motion for reconsideration may also be granted to 'correct a clear error or prevent manifest injustice.'"[5]

The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[6] Local Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[7] Courts have repeatedly

---

[4] *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation omitted).

[5] *In re Terrorist Attacks on September 11, 2001*, No. 03 MDL 1570, 2006 WL 708149, at *1 (S.D.N.Y. Mar. 20, 2006) (quoting *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

[6] *Naiman v. New York Univ. Hosps. Ctr.*, No. 95 Civ. 6469, 2005 WL 926904, at *1 (S.D.N.Y. Apr. 1, 2005) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

[7] *DGM Invs., Inc. v. New York Futures Exch., Inc.*, 288 F. Supp. 2d 519, 523 (S.D.N.Y. 2003) (quotation omitted). *Accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the motion

been forced to warn counsel that such motions should not be made reflexively, to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[8]

## IV. DISCUSSION

The Court must attempt to harmonize the two statements, as I will not presume that a member of the Brazilian bar has signed a false declaration or that Sadia has submitted a false Form 6-K against its own interest. Both statements can plausibly be read to acknowledge that Sadia has made the Report available to investors. Contrucci's declaration that "the BDO Report is not available to any investor to bring or maintain a lawsuit" is a carefully qualified and carefully lawyered statement.[9] It may be true that the Report was not made available to shareholders for the purpose of bringing or maintaining an independent lawsuit. That does not rebut the express statement in the Form 6-K that the "the report had been available to the interested shareholders . . . ."[10]

---

when the movant "seeks solely to relitigate an issue already decided.").

[8] *Joseph v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 96 Civ. 9015, 2006 WL 721862, at *2 (S.D.N.Y. Mar. 22, 2006) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

[9] Contrucci Decl. ¶ 4.

[10] Sadia Form 6-K ¶ 7.2.

Similarly, the Contrucci Declaration's statement that Sadia is not "required" to bring a lawsuit after being unanimously directed by its shareholders to do so is little more than semantics.[11] Sadia has not yet filed suit. Therefore, it remains theoretically possible – albeit extraordinarily unlikely – that executives may decline to initiate the suit they have been directed to file.[12] Moreover, even if Sadia does not file suit, the shareholders – who have already expressed their view that Ferreira should be sued – have gained the right to file an independent action in Brazil if the exclusivity period lapses.  Therefore, potential prejudice remains against the plaintiffs in the pending lawsuit.

As defendants have failed to present controlling facts that this Court previously overlooked, the motion for reconsideration is denied.

## V.  CONCLUSION

For the reasons described above, defendants' motion for reconsideration is denied.  As defendants brought this motion via letter brief, there is no need for the Clerk of the Court to close a docket entry.

---

[11]  *Id.* ¶ 3.

[12]  *See generally*, Érica Gorga, *Culture and Corporate Law Reform: A Case Study of Brazil*, 27 U. Pa. J. Int'l Econ. 803, 817-828 (2006) (noting strong shareholder control prevalent in Brazilian corporations).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           May 15, 2009

## - Appearances -

**For Plaintiffs:**

Curtis Victor Trinko, Esq.
Law Offices of Curtis V. Trinko, LLP
16 West 46th Street, 7th Floor
New York, New York 10036
(212) 490-9550

Catherine A. Torell, Esq.
Cohen, Milstein, Sellers & Toll, P.L.L.C.
150 East 52nd Street, 30th Floor
New York, New York 10022
(212) 838-7797

Lester R. Hooker, Esq.
Maya Saxena, Esq.
Christopher Steven Jones, Esq.
Saxena White P.A.
2424 N. Federal Highway
Boca Raton, Florida 33431
(561) 394-3399

John J. Gross, Esq.
Christopher L. Nelson, Esq.
Katharine M. Ryan, Esq.
Barroway Topaz Kessler Meltzer & Check, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
(610) 667-7706

Joseph E. White, Esq.
Milberg, Weiss Bershad & Schulman LLP
5200 Town Center Circle, Suite 600
Boco Raton, Florida 33486
(561) 361-5000

**For Defendants:**

Lawrence Steven Hirsh, Esq.
Jonathan Dick Siegfried, Esq.
John Eric Schreiber, Esq.
James P. Smith, Esq.
Wendy Ann Walker, Esq.
Dewey & LeBouef, LLP
1301 Avenue of the Americas
New York, New York 10019
(212) 259-8000