UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
:
In Re SADIA S.A. SECURITIES LITIGATION   :   Index No. 1:08-CV-09528 (SAS)
:
:   **ANSWER OF SADIA S.A. TO**
:   **PLAINTIFFS' CONSOLIDATED**
:   **AMENDED COMPLAINT**
:
:
------------------------------------x

Defendant Sadia S.A. ("Sadia"), by and through its undersigned attorneys, Dewey & LeBoeuf LLP, hereby answers the allegations of plaintiffs' Consolidated Amended Complaint dated March 16, 2009 (the "complaint") as follows:

## NATURE OF THE ACTION[1]

1. Denies the allegations in paragraph 1 of the complaint, except admits that plaintiffs purport to assert a securities fraud action under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against Sadia and certain individuals (the "Individual Defendants") on behalf of themselves and other persons or entities who purchased or otherwise acquired Sadia American Depository Receipts ("ADRs") from April 30, 2008 to September 26, 2008 (the "putative class period").

2. Denies the allegations in paragraph 2 of the complaint, except admits that Sadia (a) is a leading Brazilian refrigerated and frozen protein products company and operates in the processed product, poultry, pork and beef segments, (b) was incorporated in Brazil on June 7, 1944

---

[1] The titles and headings used in the complaint are used herein solely for the Court's convenience. Sadia does not admit to any assertions or allegations contained therein. To the extent that the preamble paragraphs that precede the numbered paragraphs of the complaint contain factual allegations that require a

as S.A. Indústria e Comércio Concórdia through the acquisition by Attilio Fontana (Sadia's founder) of the meatpacker Concórdia Ltda., and (c) distributes its product line through distribution and sales centers located throughout Brazil, Latin America, the Middle East, Asia and Europe.

    3.    Denies the allegations in paragraph 3 of the complaint.

    4.    Denies the allegations in paragraph 4 of the complaint, except admits that Sadia issued a Form 20-F for the year ended December 31, 2007 on or about June 27, 2008, and refers to that Form 20-F for its complete contents.

    5.    Denies the allegations in paragraph 5 of the complaint.

    6.    Denies the allegations in paragraph 6 of the complaint except admits that on or about September 25, 2008, Sadia issued a Form 6-K and refers to that Form 6-K for its complete contents.

    7.    Denies the allegations in paragraph 7 of the complaint.

    8.    Denies the allegations in paragraph 8 of the complaint, except admits that (a) Luiz Fernando Furlan ("Furlan") is the current Chairman of the Board of Directors of Sadia and the grandson of Sadia's founder, (b) Sadia held a transcribed international conference call on September 26, 2008 and refers to the transcript of that call for a complete statement of its contents, and (c) refers to the "Class Period filings" mentioned in footnote 1 of the complaint for complete statements of their contents.

    9.    Denies the allegations in paragraph 9 of the complaint, except admits that (a) Sadia issued a Form 6-K on or about November 6, 2008 and refers to that Form 6-K for a

---

responsive pleading, they are denied.

complete statement of its contents, and (b) the BDO Trevisan report referred to in that Form 6-K was finalized in February 2009.

10. Denies the allegations in paragraph 10 of the complaint and refers to the public record for the prices at which Sadia ADRs traded.

## JURISDICTION AND VENUE

11. Denies the allegations in paragraph 11 of the complaint, except admits that plaintiffs purport to state claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78(j)(b), 78t(a) and Rule 10(b)(5) promulgated thereunder.

12. Denies the allegations in paragraph 12 of the complaint, except admits that plaintiffs purport to base jurisdiction on 28 U.S.C. § 1331 and Section 27 of the Exchange Act, 15 U.S.C. § 78(aa).

13. Denies the allegations in paragraph 13 of the complaint, except admits that (a) plaintiffs purport to base venue on Section 27 of the Exchange Act and 28 U.S.C. § 1391, and (b) Sadia lists its ADR program on the New York Stock Exchange under the symbol "SDA."

14. Denies the allegations in paragraph 14 of the complaint.

## PARTIES

15. Denies the allegations in paragraph 15 of the complaint, except admits that lead plaintiffs have previously filed in this case certifications regarding their alleged transactions in Sadia ADRs during the putative class period.

16. Denies the allegations in paragraph 16 of the complaint, except admits that Sadia (a) is a Brazilian corporation with its principal executive offices at Rua Fortunato Ferraz, 659 Vila Anastácio, São Paulo, SP, 05093-901, Brazil, (b) was founded over 60 years ago, (c) produces a

range of products that includes beef, pork, chicken, and turkey food products as well as pastas, margarines and refrigerated desserts, and exports around 1,000 different items to more than 100 countries, (d) is a leader in almost every segment in which it is present within Brazil, (e) exports around 1,000 different products to more than 100 countries, (f) has 18 plants across ten different states in Brazil and two plants abroad, in Kaliningrad, Russian and in Geleen, Netherlands, (g) distributes its product line through distribution and sales centers located throughout Brazil, Latin America, the Middle East, Asia and Europe, (h) ADRs traded on the NYSE under the symbol "SDA" during the putative class period, and (i) common stock trades on the Brazilian Sao Paulo Stock Exchange ("Bovespa") under the ticker symbols "SDIA3" and "SDIA4" and on the Latibex, a market trading in Latin American securities in the Madrid Stock Exchange, under the symbol "XSDI."

17. Denies the allegations contained in paragraph 17 of the complaint, except admits that Gilberto Tomazoni ("Tomazoni") (a) served as the Company's Chief Executive Officer, (b) served on the Disclosure Policy Committee, (c) holds an undergraduate degree in Engineering from Universidade Federal de Santa Cantarina and a graduate degree in Management Development from Fundação de Ensino do Desenvolvimento, and (d) signed Sadia's 20-F filing dated June 27, 2008 for the year ended December 31, 2007 and the Sarbanes Oxley Certification attached thereto.

18. Denies the allegations in paragraph 18 of the complaint, except admits that Welson Teixeira Júnior ("Teixeira") (a) served temporarily as Sadia's Director of Finance and Corporate Development, (b) has served as Controller, Administrative and Information Technology Director, as well as Investor Relations Director, (c) signed Sadia's 20-F filing dated June 27, 2008 for the year ended December 31, 2007 and the Sarbanes Oxley Certification attached thereto, (d) signed Sadia's 6-K filings during the putative class period, (e) served on the Disclosure Policy

Committee, and (f) holds an undergraduate degree in Economics from Fundação Armando Alvares Penteado and specialization in Finance Administration from Fundação Getúlio Vargas, PGA-Advanced Management Program (INSEAD, France) and Strategic Management Program (IMD, Switzerland).

19. Denies the allegations in paragraph 19 of the complaint, except admits that Adriano Lima Ferreira ("Ferreira") (a) served as Sadia's Finance Director during the putative class period, (b) previously worked at Lehman Brothers in New York, (c) holds an undergraduate degree in Economics from Faculdade Católica de Ciências Econômicas de Bahia and a graduate degree in Finance from Fundação Getúlio Vargas, and (d) was terminated from Sadia on September 25, 2008.

20. Denies the allegations in paragraph 20 of the complaint, except admits that Walter Fontana Filho ("Filho") (a) served as Chairman of the Board of Directors during the putative class period, (b) was Chief Executive Officer of Sadia from 1994 until 2005, (c) holds undergraduate and graduate degrees in Economics from Pontifícia Universidade Católica, (d) is a cousin of Eduardo Fontana d'Avila, (e) served on the Disclosure Committee, the Finance and Investor Relations Committee, and the Strategy Committee during the putative class period, and (f) resigned from Sadia on October 6, 2008.

21. Denies the allegations in paragraph 21 of the complaint, except admits that Eduardo Fontana d'Avila ("d'Avila") (a) served as Sadia's Vice Chairman of the Board of Directors during the putative class period, (b) was Industrial Director until 2005, (c) joined Sadia in 1977 and holds an undergraduate degree in Engineering from Mackenzie University and a graduate degree in Business Administration from Fundação Getúlio Vargas, (d) served on the Human Resources

Committee and Strategy Committee during the putative class period, and (e) resigned from Sadia on October 6, 2008.

22. Denies the allegations in paragraph 22 of the complaint, except admits that Furlan, Tomazoni, Teixeira, Ferreira, Filho and d'Avila are named as individual defendants in this action, and that they were privy to nonpublic information concerning Sadia during the putative class period.

23. Denies the allegations in paragraph 23 of the complaint.

24. Denies the allegations in paragraph 24 of the complaint.

25. Denies the allegations in paragraph 25 of the complaint.

## SUBSTANTIVE ALLEGATIONS

### Background and Summary of Defendants' Fraudulent Scheme

26. Denies the allegations in paragraph 26 of the complaint, except admits that in April 2001, Sadia listed its ADRs on the New York Stock Exchange and in June 2001, Sadia adhered to the "Level 1 of Corporate Governance Requirements" in Bovespa, certifying its commitment to transparency and fair disclosure of information.

27. Denies the allegations in paragraph 27 of the complaint, except admits that Sadia issued a Form 20-F for the year ended December 31, 2007 on or about June 27, 2008 and refers to that 20-F for a complete statement of its contents.

28. Denies the allegations in paragraph 28 of the complaint.

29. Denies the allegations in paragraph 29, except (a) avers that the allegations contained in paragraph 29 merely embody the understanding of plaintiffs of foreign exchange risk hedging as to which no responsive pleading is required, and (b) admits that Sadia issued a Form 20-F

for the year ended December 31, 2007 on or about June 27, 2008 and refers to that document for a complete statement of its contents.

30. Denies the allegations in paragraph 30, except avers that the allegations contained in paragraph 30 merely embody the understanding of plaintiffs of foreign exchange risk hedging as to which no responsive pleading is required.

31. Denies the allegations in paragraph 31 of the complaint and refers to the *Bloomberg* data referred to therein for a complete statement of its contents.

32. Denies the allegations in paragraph 32 of the complaint, except admits that Sadia uses "Value at Risk" or "VaR" to furnish quantitative information about its instruments subject to market risk, and refers to the "Company filings" mentioned in footnote 2 of the complaint for a complete statement of their contents.

33. Denies the allegations in paragraph 33 of the complaint, except admits that Sadia issued a Form 6-K on or about October 30, 2008 for the nine-month period ended September 30, 2008 and refers to that Form 6-K for a complete statement of its contents.

34. Denies the allegations in paragraph 34 of the complaint, except admits that Sadia's Board of Directors established certain committees including an Audit Committee, a Tax Planning Committee, an Ethics Committee, a Human Resources Committee, a Finance and Investor Relations Committee, a Strategy Committee and a Sustainability and Environment Committee.

35. Denies the allegations in paragraph 35 of the complaint.

36. Denies the allegations in paragraph 36 of the complaint except admits that Sadia issued Forms 6-K and a Form 20-F during the putative class period and refers to those documents for complete statements of their contents.

37. Denies knowledge or information sufficient to form a belief as to the truth of the information allegedly provided by Confidential Witness No. 1, and on that basis, denies the allegations in paragraph 37 of the complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the complaint and, on that basis, denies the allegations.

39. Denies the allegations in paragraph 39 of the complaint, except admits that Sadia held a transcribed international conference call on October 30, 2008 during which Sadia discussed a slide presentation and refers to the transcript of that call and the slide presentation discussed during that call for complete statements of their contents.

40. Denies the allegations in paragraph 40 of the complaint, except admits that Sadia held a transcribed international conference call on October 30, 2008 during which Sadia discussed a slide presentation and refers to the transcript of that call and the slide presentation discussed during that call for complete statements of their contents.

41. Denies the allegations in paragraph 41 of the complaint, except admits that Sadia held a transcribed international conference call on October 30, 2008 during which Sadia discussed a slide presentation and refers to the transcript of that call and the slide presentation discussed during that call for complete statements of their contents.

42. Denies the allegations in paragraph 42 of the complaint, except admits that Sadia held a transcribed international conference call on October 30, 2008 during which Sadia discussed a slide presentation and refers to the transcript of that call and the slide presentation discussed during that call for complete statements of their contents. As to the allegations based on

confidential witnesses Two and Three, Sadia denies knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

43. Denies the allegations in paragraph 43 of the complaint.

44. Denies the allegations in paragraph 44 of the complaint.

45. Denies the allegations in paragraph 45 of the complaint, except admits that Sadia held a transcribed international conference call on September 26, 2008 and refers to the transcript of that call for a complete statement of its contents.

### False and Misleading Statements During the Class Period

46. Denies the allegations in paragraph 46 of the complaint, except admits that (a) plaintiffs allege that the putative class period begins on April 30, 2008, and (b) Sadia issued a Form 6-K on or about April 30, 2008, which Texeira signed, and Sadia refers to that Form 6-K for a complete statement of its contents.

47. Denies the allegations in paragraph 47 of the complaint, except admits that Sadia issued a Form 6-K on or about April 30, 2008 that reported interim financial information for the three-month period ended March 31, 2008 and refers to that document for a complete statement of its contents.

48. Denies the allegations in paragraph 48 of the complaint, except admits that Sadia issued a press release on April 30, 2008 and refers to that press release for a complete statement of its contents.

49. Denies the allegations in paragraph 49 of the complaint.

50. Denies the allegations in paragraph 50 of the complaint, except admits that on or about June 27, 2008, Sadia issued a Form 20-F for the period ended December 31, 2007, which Tomazoni and Teixeira signed, and refers to the Form 20-F for a complete statement of its contents.

51. Denies the allegations in paragraph 51, except admits that on or about June 27, 2008, Sadia issued a Form 20-F for the period ended December 31, 2007, and refers to the Form 20-F for a complete statement of its contents.

52. Denies the allegations in paragraph 52, except admits that on or about June 27, 2008, Sadia issued a Form 20-F for the period ended December 31, 2007, and refers to the Form 20-F for a complete statement of its contents.

53. Denies the allegations in paragraph 53, except admits that on or about July 31, 2008, Sadia issued a Form 6-K which Texeira signed and refers to the Form 6-K for a complete statement of its contents.

54. Denies the allegations in paragraph 54, except admits that on or about July 31, 2008, Sadia issued a Form 6-K and refers to the Form 6-K for a complete statement of its contents.

55. Denies the allegations in paragraph 55, except admits that on or about July 31, 2008, Sadia issued a Form 6-K and refers to the Form 6-K for a complete statement of its contents.

56. Denies the allegations in paragraph 56, except admits that on July 31, 2008, Sadia held a transcribed international conference call and refers to the transcript of that call for a complete statement of its contents.

57. Denies the allegations in paragraph 57.

## The Truth Comes to Light

58.     Denies the allegations in paragraph 58, except admits that on or about September 25, 2008, Sadia issued a Form 6-K signed by Texeira and refers to the Form 6-K for a complete statement of its contents.

59.     Denies the allegations in paragraph 59, except admits that Sadia issued a Form 6-K on or about April 30, 2008 that reported interim financial information for the three-month period ended March 31, 2008 and issued Forms 6-K on or about September 25, 2008 and September 26, 2008, and refers to those documents for complete statements of their contents.

60.     Denies the allegations in paragraph 60 of the complaint and refers to the public record for the true prices at which Sadia ADRs traded.

61.     Denies the allegations in paragraph 61 of the complaint, except admits that Sadia held a transcribed international conference call on September 26, 2008 and refers to the transcript of that call for a complete statement of its contents.

62.     Admits *Bloomberg* published the article mentioned in paragraph 62 and refers to the article for a complete statement of its contents.

63.     Denies the allegations in paragraph 63 of the complaint, except admits that *Bloomberg* published the article mentioned in paragraph 63 and refers to the article for a complete statement of its contents.

64.     Admits *Bloomberg* published an article quoting Ms. Messer from Brascan Corretora on September 26, 2008 and refers to the article for a complete statement of its contents.

65. Denies the allegations in paragraph 65 of the complaint, except admits that *Bloomberg* published the article mentioned therein and refers to the article for a complete statement of its contents.

66. Denies the allegations in paragraph 66 of the complaint, except admits that on or about October 6, 2008 and October 7, 2008, Sadia issued Forms 6-K and refers to those Forms 6-K for complete statements of their contents.

67. Denies the allegations in paragraph 67 of the complaint, except admits that *Bloomberg* published the article mentioned in paragraph 67 and refers to the article for a complete statement of its contents.

68. Denies the allegations in paragraph 68 of the complaint, except admits that *Bloomberg* published the article mentioned therein and refers to the article for a complete statement of its contents.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the complaint and, on that basis, denies the allegations.

70. Denies the allegations in paragraph 70 of the complaint, except admits that Sadia held a transcribed international conference call on October 30, 2008 and refers to the transcript of that call for a complete statement of its contents.

71. Denies the allegations in paragraph 71 of the complaint, except admits that *Bloomberg* published the report referred to in paragraph 71 and refers to the report for a complete statement of its contents.

72. Denies the allegations in paragraph 72 of the complaint, except admits that *Bloomberg* published the report mentioned in paragraph 72 of the complaint and refers to the report for a complete statement of its contents.

73. Denies the allegations in paragraph 73 of the complaint, except admits that (a) on or about November 6, 2008, Sadia issued a Form 6-K and Sadia refers to that Form 6-K for a complete statement of its contents, and (b) the BDO Trevisan report referred to in the Form 6-K was finalized in February 2009.

74. Denies the allegations in paragraph 74 of the complaint.

75. Denies the allegations in paragraph 75 of the complaint.

76. Denies the allegations in paragraph 76 of the complaint.

77. Denies the allegations in paragraph 77 of the complaint.

78. Denies the allegations in paragraph 78 of the complaint except to the extent they purport to state legal conclusions as to which no response is required.

79. Denies the allegations in paragraph 79 of the complaint.

80. Denies the allegations in paragraph 80 of the complaint except to the extent they purport to state legal conclusions as to which no response is required.

81. Denies the allegations in paragraph 81 of the complaint except to the extent they purport to state legal conclusions as to which no response is required.

82. Denies the allegations in paragraph 82 of the complaint except to the extent they purport to state legal conclusions as to which no response is required.

83. Denies the allegations in paragraph 83 of the complaint except to the extent they purport to state legal conclusions as to which no response is required.

84. Denies the allegations in paragraph 84 of the complaint except to the extent they purport to state legal conclusions as to which no response is required.

85. Denies the allegations in paragraph 85 of the complaint except to the extent they purport to state legal conclusions as to which no response is required.

## CLASS ACTION ALLEGATIONS

86. Denies the allegations in paragraph 86 of the complaint, except admits that plaintiffs purport to seek certification of the putative class described in paragraph 86 of the complaint.

87. Denies the allegations in paragraph 87 of the complaint except to the extent they purport to state legal conclusions as to which no response is required.

88. Denies the allegations of paragraph 88 of the complaint.

89. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 of the complaint and, on that basis, denies the allegations.

90. Denies the allegations in paragraph 90 of the complaint.

91. Denies the allegations in paragraph 91 of the complaint.

## STATUTORY SAFE HARBOR

92. Denies the allegations in paragraph 92 of the complaint except to the extent they purport to state legal conclusions as to which no response is required.

93. Denies the allegations in paragraph 93 of the complaint except to the extent they purport to state legal conclusions as to which no response is required.

## LOSS CAUSATION

94. Denies the allegations in paragraph 94 of the complaint except to the extent they purport to state legal conclusions as to which no response is required.

95. Denies the allegations in paragraph 95 of the complaint.

96. Denies the allegations in paragraph 96 of the complaint except to the extent they purport to state legal conclusions as to which no response is required.

97. Denies the allegations contained in paragraph 97 of the complaint except to the extent they purport to state legal conclusions as to which no response is required.

## APPLICABILITY OF PRESUMPTION OF RELIANCE FRAUD ON THE MARKET DOCTRINE

98. Denies the allegations in paragraph 98 of the complaint except to the extent they purport to state legal conclusions as to which no response is required.

99. Denies the allegations in paragraph 99 of the complaint except to the extent they purport to state legal conclusions as to which no response is required.

## COUNT I
**For Violations of § 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants**

100. Repeats and realleges its responses to paragraphs 1-99 of the complaint as though fully set forth herein.

101. Denies the allegations in paragraph 101 of the complaint.

102. Denies the allegations in paragraph 102 of the complaint.

103. Denies the allegations in paragraph 103 of the complaint.

104. Denies the allegations in paragraph 104 of the complaint.

105. The allegations in paragraph 105 are not directed at Sadia therefore no response is required. To the extent a response is required, Sadia denies the allegations in paragraph 105 of the complaint.

106. The allegations in paragraph 106 are not directed at Sadia therefore no response is required. To the extent a response is required, Sadia denies the allegations in paragraph 106 of the complaint.

107. Denies the allegations in paragraph 107 of the complaint.

108. Denies the allegations in paragraph 108 of the complaint.

109. Denies the allegations in paragraph 109 of the complaint.

110. Denies the allegations in paragraph 110 of the complaint.

## COUNT II
**For Violations of § 20(a) of the Exchange Act Against the Individual Defendants**

111. Repeats and realleges its responses to paragraphs 1-110 of the complaint as though fully set forth herein.

112. The allegations in paragraph 112 are not directed at Sadia therefore no response is required. To the extent a response is required, Sadia denies the allegations in paragraph 112 of the complaint.

113. The allegations in paragraph 113 are not directed at Sadia therefore no response is required. To the extent a response is required, Sadia denies the allegations in paragraph 113 of the complaint.

114. Denies the allegations in paragraph 114 as to Sadia, and as to the Individual Defendants, the allegations in paragraph 114 are not directed at Sadia therefore no response is required.

## PRAYER FOR RELIEF

No answer is required in response to the statements in the Prayer for Relief in the complaint. To the extent a response to those statements is deemed necessary, Sadia denies them and requests that this Court deny all relief requested by plaintiffs and dismiss the complaint in its entirety with prejudice.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims against Sadia are barred in whole or in part because there were no misrepresentations or omissions by Sadia.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against Sadia are barred in whole or in part because the alleged misrepresentations and omissions by Sadia were not material.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Sadia are barred in whole or in part because Plaintiffs are unable to establish scienter on the part of Sadia.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because of the lack of loss causation.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because of the lack of reliance.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because of the lack of transaction causation.

## EIGHTH AFFIRMATIVE DEFENSE

This action is not maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead their claims against Sadia with the required particularity.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the safe harbor provisions for forward-looking statements in the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-5(c)).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part for lack of standing.

WHEREFORE, Sadia demands judgment in its favor:

a.    dismissing the complaint, and each and every count, with prejudice;

b.    awarding its costs and disbursements of this action; and

    c.  granting Sadia such other and further relief as the Court deems just and proper.

Dated: September 15, 2009

               DEWEY & LEBOEUF LLP

               By: __/s/ Jonathan D. Siegfried__

                Jonathan D. Siegfried
                James P. Smith
                Lawrence S. Hirsh
                Kelly A. Librera
           1301 Avenue of the Americas
           New York, NY  10019
           Telephone: (212) 259-8000
           Facsimile: (212) 649-9361
           *Attorneys for Defendant*
           *Sadia, S.A.*