USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/11

~~EXHIBIT A~~

UNITED STATES DISTRICT COURT ~~COURTESY COPY~~
SOUTHERN DISTRICT OF NEW YORK

Case No. 1:08-CV-09528 (SAS)

In re SADIA, S.A.
SECURITIES LITIGATION

## [~~PROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT

WHEREAS, on September 16, 2011, plaintiffs Westchester Putnam Heavy & Highway Laborers Local 60 Benefit Funds, Alan Hyman, Phil Carey, Steve Geist and Peter Schicker (collectively, the "Class Representatives"), on behalf of themselves and the Class (as herein defined), and defendants Sadia, S.A. ("Sadia" or the "Company"), Adriano Lima Ferreira, Welson Teixeira, Jr., Gilberto Tomazoni, Walter Fontana Filho and Eduardo Fontana d'Avila (collectively, the "Defendants" and, together with the Class Representatives, the "Parties") in the above-captioned class action (the "Action"), by and through their respective counsel, entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Consolidated Amended Complaint dated March 16, 2009 (the "Complaint");

WHEREAS, pursuant to Opinion and Order dated July 10, 2010, the Court certified a class comprised of all persons and entities who purchased or otherwise acquired Sadia American Depository Receipts ("ADRs") from April 30, 2008 to September 26, 2008, inclusive, who held the ADRs through the close of the market on September 25, 2008, and who were damaged thereby;[1] and

---

[1] For purposes of clarity, the Parties agree that the last day of the class period should be September 25, 2008 and have revised, for purposes of the Settlement, the definition of "Class" and "Class Period" accordingly. Excluded from the Class are the Defendants, family members

1

**EXHIBIT A**

WHEREAS, upon consent of the Parties, after review and consideration of the Stipulation filed with the Court and the exhibits annexed thereto, and after due deliberation,

IT IS HEREBY ORDERED that:

1. The Court, for purposes of this order (the "Preliminary Approval Order"), adopts all defined terms as set forth in the Stipulation.

2. Co-Lead Counsel are authorized to act on behalf of the Class with respect to all acts required by, or which may be undertaken pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

3. The Court preliminarily approves: (i) the proposed Settlement of the Action as set forth in the Stipulation, and (ii) the proposed Plan of Allocation described in the Notice, subject to the right of any Class Member to challenge the fairness, reasonableness, and adequacy of the Settlement, the Stipulation or the proposed Plan of Allocation, and to show cause, if any exists, why a final judgment dismissing the Action based on the Stipulation should not be ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

4. Co-Lead Counsel are hereby authorized to retain GCG, Inc. as the Claims Administrator in connection with the Settlement to supervise and administer the notice and claims procedures. The Parties and their counsel shall not be liable for any act or omission of the Claims Administrator.

---

of each Individual Defendant, any entity in which any Defendant has a controlling interest, and the directors, officers, legal affiliates in which any Defendant has a controlling interest, representatives, heirs, successors and predecessors in interest, or assigns of any such excluded party. Also excluded from the Class are all persons and entities who exclude themselves from the Class by timely requesting exclusion in accordance with the requirements set forth in the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Expenses and Settlement Fairness Hearing (the "Notice").

**EXHIBIT A**

5. The Claims Administrator or the Escrow Agent is authorized and directed to prepare any tax returns and any other tax reporting for or in respect of the Settlement Fund and to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation, without further order of the Court.

6. Pursuant to FED. R. CIV. P. 23(e), a hearing (the "Settlement Fairness Hearing") shall be held on December 22, 2011, at 2:30 p.m., in the United States District Court for the Southern District of New York, the Honorable Shira A. Scheindlin presiding, for the following purposes:

    a. to determine whether the Settlement should be approved by the Court as fair, reasonable, adequate, and in the best interests of the Class;

    b. to determine whether the Plan of Allocation for the proceeds of the Settlement should be approved by the Court as fair and reasonable;

    c. to determine whether the Order and Final Judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Action against the Defendants with prejudice and extinguishing and releasing all Released Claims (as defined in the Stipulation);

    d. to consider Co-Lead Counsel's application for an award of attorneys' fees and the reimbursement of litigation expenses;

    e. to consider the Class Representatives' application for reimbursement of costs and expenses (including lost wages) in connection with their representation of the Class; and

    f. to rule on such other matters as the Court may deem appropriate.

7. The Court reserves the right to adjourn the Settlement Fairness Hearing or any adjournment thereof, including the consideration of the application for attorneys' fees and reimbursement of expenses or to change the location thereof, without further notice of any kind to Class Members.

8. The Court reserves the right to approve the Settlement at or after the Settlement Fairness Hearing with such modification as may be consented to by the Parties to the Stipulation and without further notice to the Class.

9. The Claims Administrator shall make reasonable efforts to identify all Persons who are members of the Class, including beneficial owners whose Sadia ADRs are held by banks, brokerage firms, or other nominees ("Nominees"). Pursuant to the Stipulation, the Company shall cause to be provided to Co-Lead Counsel, without any charge to the Class Representatives or the Class, shareholder lists, as Sadia or the depository may possess, as appropriate for providing notice to the Class, in a format designated by the Claims Administrator for mailings, no later than seven (7) business days following the Parties' execution of the Stipulation. To the extent such lists have not already been provided, they shall be provided by Sadia or the depository within five (5) business days following the entry of this Order.

10. The form and content of the Notice, the Proof of Claim, and the Summary Notice, attached to the Stipulation as Exhibits A(1), A(2), and A(3), respectively, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78u-4(a)(7), including by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and due process, constitute the best

notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

11.    Within twenty (20) calendar days after the entry of this Order, the Claims Administrator shall cause a copy of the Notice and the Proof of Claim to be mailed by first class mail, postage pre-paid, to all identifiable members of the Class, at their last known address appearing in the shareholder lists maintained by or on behalf of the Company (the "Notice Date").

12.    Pursuant to the Notice, Nominees who purchased or otherwise acquired Sadia ADRs from April 30, 2008 to September 25, 2008, inclusive, shall either: (i) send the Notice and Proof of Claim to Class Members for which they act as Nominee by first class mail within ten (10) calendar days after the Nominee receives the Notice; or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days after the Nominee receives the Notice and, in the event of the latter, the Claims Administrator shall send by first class mail the Notice and Proof of Claim to all Class Members who are on the list received from the Nominee.  The Claims Administrator shall, if requested, reimburse Nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.  Co-Lead Counsel shall file with the Court and serve upon Defendants' Counsel no later than ten (10) calendar days prior to the Settlement Fairness Hearing an affidavit or declaration describing the efforts taken to comply with this Order and stating that the mailings have been completed in accordance with the terms of this Order.

13. Within ten (10) calendar days of the Notice Date, the Claims Administrator shall cause the publication of the Summary Notice, substantially in the form of Exhibit A(3) to the Stipulation, once in *Investor's Business Daily* and once over the *PR Newswire*. Co-Lead Counsel shall file with the Court and serve upon Defendants' Counsel no later than ten (10) calendar days prior to the Settlement Fairness Hearing an affidavit or declaration stating that the Summary Notice has been published in accordance with the terms of this Order.

14. Any member of the Class who wishes to object to the Settlement must, at least twenty-one (21) calendar days prior to the Settlement Fairness Hearing, file with the Court and serve on counsel (listed below) a written statement of objection to the Settlement, the Plan of Allocation, the application for attorneys' fees and reimbursement of expenses, and/or the application for reimbursement of costs and expenses (including lost wages) to the Class Representatives. Any member of the Class who timely objects to the Settlement, the Plan of Allocation, the application for attorneys' fees and reimbursement of expenses, and/or the application for reimbursement of costs and expenses to the Class Representatives, or who otherwise wishes to be heard, may appear in person or by his, her, or its attorney, at his, her, or its own expense, at the Settlement Fairness Hearing and present evidence or argument that may be proper or relevant; *provided, however*, that no Person other than the Parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Person shall be considered by the Court, unless within twenty-one (21) calendar days prior to the Settlement Fairness Hearing, such Person files with the Court and serves upon counsel listed below: (1) a statement of such Person's objections to any matters before the Court concerning this Settlement; (2) the grounds therefor or the reasons that such Person desires to appear and be heard, as well as all documents or writings such Person desires the Court to consider; (3) whether

that Person intends to present any witnesses; and (4) proof of the Person's membership in the Class, which proof shall include the Person's purchases and acquisitions of Sadia ADRs during the Class Period and any sales thereof, including the dates, the number of ADRs and price(s) paid and received for each such purchase, acquisition and sale. Such filings shall be served upon the Court and each of the following counsel:

***Co-Lead Counsel for Class Representatives and the Class:***
Stuart L. Berman, Esq.
KESSLER TOPAZ
  MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087

-and-

Joseph E. White, III, Esq.
SAXENA WHITE P.A.
2424 North Federal Highway
Suite 257
Boca Raton, FL 33431

***Counsel for Defendants Sadia, S.A., Welson Teixeira, Jr., Gilberto Tomazoni, Walter Fontana Filho and Eduardo Fontana d'Avila:***
Jonathan D. Siegfried, Esq.
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019

***Counsel for Defendant Adriano Lima Ferreira***
Scott M. Himes, Esq.
STILLMAN, FRIEDMAN & SHECHTMAN, P.C.
425 Park Avenue
New York, NY 10022

15. Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion") at least twenty-one (21) calendar days prior to the date of the Settlement Fairness Hearing. A Request for Exclusion must state: (1) the name, address, and telephone number of the Person requesting exclusion; (2) the Person's purchases and

acquisitions of Sadia ADRs during the Class Period and any sales thereof, including the dates, the number of ADRs and price(s) paid and received for each such purchase, acquisition and sale; and (3) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Stipulation and shall not share in the distribution of the Net Settlement Fund.

16. Any Class Member who wishes to participate in the Net Settlement Fund must timely submit a valid Proof of Claim to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than one hundred and twenty (120) calendar days following the Notice Date. Such deadline may be extended further by Court order. A Proof of Claim shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim. All other Proofs of Claim shall be deemed to have been submitted at the time they are actually received by the Claims Administrator. To be valid, a Proof of Claim must: (i) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (ii) include the release by the claimant of all Released Parties as set forth in the Stipulation; and (iii) be signed with an affirmation that the information is true and correct. As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to the effectuation of the Settlement reflected in the Stipulation) agree and enter into the release as provided in the Stipulation. All Class Members who do not submit a valid and timely Proof of Claim shall be barred forever from receiving any payments from the Net Settlement Fund, but will, in all other respects, be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered, whether favorable or unfavorable and whether or not they

submit a Proof of Claim, unless such Persons request exclusion from the Class in a timely and proper manner, as provided herein.

17. If the Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Parties as provided for in the Stipulation, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become void and of no further force and effect except as set forth in the Stipulation.

18. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final determination whether the Settlement should be approved, the Class Representatives and all members of the Class are barred and enjoined from commencing, prosecuting, continuing, or asserting any action with regards to any of the Released Claims against the Released Parties as defined in the Stipulation.

19. The contents of the Settlement Fund held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the contents of those funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20. The Stipulation and all negotiations, statements, and proceedings in connection therewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of the Class Representatives, any Defendant, any member of the Class, or any other Person, of any liability or wrongdoing of any nature by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce

**EXHIBIT A**

this Stipulation and Settlement contemplated hereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that the Class Representatives, any member of the Class, or any other Person, has or has not suffered any damage.

21. No Released Parties shall be liable or obligated to pay any fees, expenses, costs or disbursements to, or incur any expense on behalf of, any person or entity (including, without limitation, the Class Representatives and Co-Lead Counsel), directly or indirectly, in connection with the Action or the Settlement, except as expressly provided for in the Settlement. No Released Parties shall have any responsibility whatsoever for filing elections or other required statements, or tax returns, or for paying the costs associated therewith, the payment of any Taxes due, or the expenses of notice or administration of the Settlement Fund, except as expressly provided for in the Settlement.

22. All motions and papers in support of the Settlement and Plan of Allocation, any application by Co-Lead Counsel for an award of attorneys' fees and reimbursement of expenses and any application by the Class Representatives for reimbursement of costs and expenses (including lost wages) in connection with their representation of the Class, shall be filed and served no later than thirty-five (35) calendar days before the date scheduled for the Settlement Fairness Hearing, and all reply briefs in support of said motions shall be filed and served no later than ten (10) calendar days prior to the Settlement Fairness Hearing.

23. The Court authorizes payment out of the Settlement Fund of notice and administration expenses in accordance with the Stipulation.

**EXHIBIT A**

24. The Court further retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement reflected in the Stipulation, including enforcement of the releases provided for in the Stipulation.

25. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms of the Stipulation is approved. No Person that is not a Class Member shall have any right to any portion of, or in the distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

26. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Class Members.

The Clerk of the Court is directed to close this motion [Docket No. 110].

SIGNED this 22 day of September 2011.

_____
THE HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE

11