UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :
IN RE SADIA S.A. SECURITIES                   :
LITIGATION                                    :
                                              :
------------------------------------------------------------X
                                              :
This Document Relates To:                     :
                                              :
  ALL ACTIONS.                                :
------------------------------------------------------------X

**MEMORANDUM
OPINION AND ORDER**

08 Civ. 9528 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12-28-11_

SHIRA A. SCHEINDLIN, U.S.D.J.:

Plaintiffs sued Sadia, S.A. ("Sadia") and several of its current and

former officers based on allegedly false and misleading statements and omissions

regarding Sadia's currency hedging practices.  On September 16, 2011, the parties

executed a Stipulation and Agreement of Settlement ("Stipulation") that seeks to

conclude these consolidated class action litigations.[1]  Following the Court's

preliminary approval of the proposed settlement,[2] plaintiffs now move for Final

Approval of Class Action Settlement and Plan of Allocation.  Class Counsel move

for an Award of Attorneys' Fees and Expenses and an Award of Costs and

Expenses to the Class Representatives.  A fairness hearing was held on December

---

[1]    The terms of the Stipulation are incorporated into this Memorandum
Opinion and Order by reference.  *See* Docket No. 123.  All capitalized terms not
defined in this Order have the meaning given to them in the Stipulation.

[2]    *See* Docket No. 113.

-1-

22, 2011, and no objections were raised.  For the reasons stated below, plaintiffs'

motion for Final Approval of Class Action Settlement and Plan of Allocation is

granted.  Class Counsel's motion for an Award of Attorneys' Fees and Expenses

and an Award of Costs and Expenses to the Class Representatives is granted, but

not for the amounts requested.

## I.      CLASS CERTIFICATION

This Court previously granted class certification in this Action.[3]  For

purposes of clarification, the parties propose a slightly modified class definition.

For the reasons discussed in the July 20, 2010 Opinion and Order,[4] this Court

hereby finally certifies this Action as a class action on behalf of the Class as

defined in the Stipulation.  Individuals who have requested exclusion from the

Class by filing a timely and valid request for exclusion are listed on Exhibit 1

annexed hereto.

## II.     NOTICE

The Notice of Pendency of Class Action and Proposed Settlement,

Motion for Attorneys' Fees and Expenses and Settlement Fairness Hearing, has

been given to the Class, pursuant to and in the manner directed by the Preliminary

---

[3]      *See In re Sadia, S.A. Sec. Litig.*, 269 F.R.D. 298 (S.D.N.Y. 2010).

[4]      *See id.*

Approval Order, proof of the mailing of the Notice was filed with the Court by Class Counsel, and a full opportunity to be heard has been offered to all Parties, the Class, and Persons in interest.  The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## III.   APPROVAL OF SETTLEMENT

I find that the proposed settlement is fair, adequate, and reasonable and in the best interests of Class.  Initially, a strong presumption of fairness attaches because the settlement was reached by experienced counsel after arm's length negotiations.[5]  In addition, the *Grinnell* factors weigh in favor of approving the settlement.[6]

*First*, continuing the litigation would be expensive because the defendants and all fact witnesses are in Brazil, and extensive expert testimony would be necessary.  A potential trial would be complicated by the court's lack of subpoena power over many witnesses.  In addition, it is not certain that courts in

---

[5]       *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) .

[6]       *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000).

Brazil would enforce a U.S. securities fraud class action judgment.  The settlement provides an immediate and concrete benefit to class members.  *Second*, the class has reacted favorably to the settlement.  There are no objections and only four exclusions.  *Third*, the stage of proceedings favors settlement – a significant amount of discovery occurred.  Plaintiffs' counsel reviewed over 65,000 pages of internal documents, conducted a Rule 30(b)(6) deposition, retained two financial experts, and are well aware of the strengths and weaknesses of their cases.

    *Fourth*, plaintiffs' counsel faced risks in establishing liability.  It will be difficult to obtain necessary discovery because Brazil is not a party to the Hague Convention and the United States is not a party to the Inter-American Convention on Letters Rogatory.  In addition, Brazil considers it a violation of judicial sovereignty for foreign lawyers to conduct depositions in Brazil.  These difficulties will make proving scienter difficult.  *Fifth*, plaintiffs' counsel faced risks establishing damages.  Damages must be proved by expert testimony, which a jury may choose to reject.  Plaintiffs also face another hurdle in creating a damages model admissible under *Daubert*.  Moreover, it is uncertain how a jury would apportion liability between Sadia and the individual defendants.  *Sixth*, while Sadia could have withstood a greater judgment, where the other *Grinnell* factors weigh in favor of approving settlement, this factor alone is insufficient to show that the

settlement is unfair.  *Seventh*, the risk of maintaining the Class Action through trial also favors settlement.

Eighth, the settlement is reasonable in light of the best possible recovery and the attendant risks of litigation.  This settlement is fair due to the difficulties plaintiffs face and plaintiffs' maximum provable damages (ranging from $35.5 million and $91 million depending on the assumptions and damages model used).  Thus, the settlement represents a recovery of between 30% and 76% of maximum provable damages, which far exceeds the average recovered in securities class action settlements.

Accordingly, the Settlement is approved as fair, reasonable, adequate, and in the best interests of the Class.  These actions are hereby dismissed as to the Class Representatives and the other members of the Class, and as against each and all of the Released Parties with prejudice and without costs, except as otherwise provided in the Stipulation.

## IV.   PLAN OF ALLOCATION

The Plan of Allocation is approved as fair and reasonable, and Class Counsel and the Claims Administrator are directed to comply with and administer the Settlement in accordance with the terms and provisions of the Stipulation. Without further order of the Court, the parties may agree to reasonable extensions

of time to carry out any of the provisions of the Stipulation.

## V.   ATTORNEYS' FEES AND EXPENSES

Class Counsel requests $732,228.36 in expenses plus interest on behalf of all of plaintiffs' firms.  In support of these expenses, Class Counsel has submitted a summary expense report for each firm.[7]  These costs include routine expenses relating to copying, court fees, postage and shipping, phone charges, legal research, and travel and transportation.  The bulk of the expenses relate to experts, consultants, and investigators.[8]  No objections were filed to these expenses.  The expenses total approximately three percent of the Settlement Amount.

I find that these expenses are reasonable.  These expenses, particularly

_____

[7]   *See* 11/16/11 Declaration of David Kessler, plaintiffs' counsel, Submitted on Behalf of Kessler Topaz Meltzer & Check LLP in Support of Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses ("Kessler Decl."), Ex. 2 to 11/17/11 Joint Declaration of Christopher L. Nelson and Joseph E. White III in Support of Final Approval of Settlement, Plan of Allocation and Application for an Award of Attorneys' Fees and Expenses and Reimbursement to the Class Representatives ("Nelson & White Decl."); 11/17/11 Declaration of Joseph E. White III, plaintiffs' counsel, in Support of Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses Filed on Behalf of Saxena White P.A. ("White Decl."), Ex. 3 to Nelson & White Decl.; 11/17/11 Declaration of Curtis V. Trinko, plaintiffs' counsel, in Support of Class Counsels' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses Filed on Behalf of the Law Offices of Curtis V. Trinko ("Trinko Decl."), Ex. 4 to Nelson & White Decl.

[8]   *See, e.g.*, White Decl.

those attributable to professional services, were a contributing factor to achieving the settlement.[9]  Accordingly, I grant plaintiffs' counsel $732,228.36 in expenses, plus interest on such amount at the same rate as that earned by the Settlement Fund.

In addition to expenses, Class Counsel also request a fee of thirty-three and one-third percent of the Settlement Amount, or $9 million.[10]  Although I intend to use the percentage method to award fees in this matter, the lodestar is often used as a cross-check.  Class Counsel represent that the aggregate loadstar for all plaintiffs' firms is $8,036,010 for 20,890 hours.[11]  Because the lodestar is being used merely as a cross-check, it is unnecessary for the Court to delve into each hour of work that was performed by counsel to ascertain whether the number of hours reportedly expended was reasonable.[12]  After reviewing the supporting

---

[9]    *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 468 (S.D.N.Y. 2004).

[10]    *See* Memorandum of Law in Support of Class Counsels' Application for an Award of Attorneys' Fees and Expenses and an Award of Costs and Expenses to the Class Representatives at 1.

[11]    *See id.* at 10.

[12]    *See Goldberger*, 209 F.3d at 50 (citing *In re Prudential Ins. Co. Am. Sales Litig.*, 148 F.3d 283, 342 (3d Cir. 1998) ("Of course, where [the lodestar is] used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court.").

declarations, which include a summary of the hours expended by and the billing rates for every attorney, paralegal, and staff member that worked on this litigation, and after lowering the rates for support staff and eliminating fees for investigatory work done by non-lawyers, I find that $7,797,961.50 is a reasonable lodestar for the time expended by plaintiffs' firms.

I further find that a fee of thirty percent, or $8.1 million, is reasonable after assessing the *Goldberger* factors. *First*, I find that the time and labor expended by plaintiffs' counsel support a thirty percent fee. After taking into account my adjustments to the lodestar, plaintiffs' counsel have invested approximately 20,530 hours in these actions. They also expect additional time to be expended administering and distributing the settlement funds. Class counsel has devoted substantial time and effort to this matter, justifying a thirty percent fee.

*Second*, while these actions, like all securities class actions, are likely to be complex and time consuming, this action is not on the large side of securities litigations. It focused on alleged misstatements and/or omissions concerning a discrete issue by one corporation and its officers. A thirty percent fee is reasonable compensation considering the size of this litigation.

*Third*, the risk of this litigation supports a thirty percent fee. "It is well-established that litigation risk must be measured as of when the case is

filed."[13]  Although there was certainly a risk of plaintiffs receiving nothing in this action, I do not find that the risk was substantial enough to justify a risk multiplier over the estimated lodestar.

*Fourth*, I find that plaintiffs' counsel ably represented the interests of the Class.  Thus, a thirty percent fee is warranted here.

*Fifth*, I find that a thirty percent fee is reasonable in relation to the settlement.  Class Counsel, as discussed above, has obtained a substantial settlement justifying a thirty percent fee.

*Sixth*, I find that a thirty percent fee is adequate to further the public policy of encouraging private lawsuits to protect investors.  Plaintiffs' counsel will recover their lodestar and all expenses invested in these lawsuits.  In these actions, a significant multiplier of the lodestar is not necessary to further public policy goals.

After reviewing the *Goldberger* factors I award plaintiffs' counsel fees of thirty percent of the Settlement Amount, or $8.1 million, plus interest on such amount at the same rate as that earned by the Settlement Fund.  I find that the *Goldberger* factors only require a minimal multiplier of the lodestar.

This fee should therefore adequately compensate – but not

---

[13]     *Id.* at 55 (citations omitted).

overcompensate – counsel for their time and labor.  The award of fees and expenses are intended to compensate plaintiffs' counsel for all of the time and labor spent until the conclusion of this litigation, including that associated with the distribution of the settlement fund.  However, I realize that by awarding a fee close to the lodestar I am not compensating counsel for the risks associated with bringing these actions.  However, the risks here – together with the recovery achieved – do not warrant additional fees.

## VI.    CLASS REPRESENTATIVES

Class Counsel also request $14,177.50 in reimbursement of costs and expenses for Class Representatives.  I find that these costs and expenses were reasonably incurred in responding to document requests and interrogatories, producing responsive documents, reviewing filings, and communicating regularly with Class Counsel.  Accordingly, I award Class Representatives $14,177.50 in costs and expenses.[14]

## VII.   CONCLUSION

For the reasons stated above, plaintiffs' motion for Final Approval of Class Action Settlement and Plan of Allocation is granted.  Class Counsel's motion for an Award of Attorneys' Fees and Expenses and an Award of Costs and

---

[14]    These funds are to be allocated among the Class Representatives as requested in the exhibits to the Nelson & White Decl.

Expenses to the Class Representatives is granted, but not for the amounts

requested.  The Clerk of the Court is directed to close these motions [Docket Nos.

115 and 117].  This case, and all related cases, shall remain closed.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            December 28, 2011

### - Appearances -

**For Plaintiffs:**

Curtis Victor Trinko, Esq.
Law Offices of Curtis V. Trinko, LLP
16 West 46th Street, 7th Floor
New York, New York 10036
(212) 490-9550

Catherine A. Torell, Esq.
Cohen, Milstein, Sellers & Toll,
    P.L.L.C.
88 Pine Street, 14th Floor
New York, New York 10005
(212) 838-7797

Daniel S. Sommers, Esq.
Matthew Keith Handley, Esq.
Steven Jeffrey Toll, Esq.
Cohen, Milstein, Sellers & Toll,
    P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005

Joseph E. White, Esq.
Lester R. Hooker, Esq.
Maya Saxena, Esq.
Christopher Steven Jones, Esq.
Saxena White P.A.
2424 N. Federal Highway
Boca Raton, Florida 33431
(561) 361-5000

Evan J. Smith, Esq.
Brodsky & Smith, L.L.C.
240 Mineola Blvd.
Mineola, New York 11501
(516) 741-4977

John J. Gross, Esq.
Christopher L. Nelson, Esq.
Stuart Berman, Esq.
D. Seamus Kaskela, Esq.
David M. Promisloff, Esq.
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
(610) 667-7706

Katharine M. Ryan, Esq.
Ryan & Maniskas, LLP
995 Old Eagle School Road
Wayne, Pennsylvania 19087
(484) 588-5516

Fei-Lu Qian, Esq.
Marc L. Gross, Esq.
Pomerantz Haudek Block Grossman
 & Gross LLP
100 Park Avenue, 26th Floor
New York, New York 10017
(212) 661-1100

Alan Ian Ellman, Esq.
Christopher J. Keller, Esq.
Stefanie Jill Sundel, Esq.
Labaton Sucharow, LLP
140 Broadway
New York, New York 10005
(212) 907-0877

**For Defendants Sadia, S.A., Gilberto Tomazoni, Welson Teixeira, Jr., Walter Fontana Filho, Eduardo Fontana D'Avila:**

Lawrence Steven Hirsh, Esq.
Jonathan Dick Siegfried, Esq.
John Eric Schreiber, Esq.
James P. Smith, III, Esq.
Kelly Anne Librera, Esq.
Dewey & LeBouef, LLP
1301 Avenue of the Americas
New York, New York 10019
(212) 259-8000

**For Defendant Adriano Lima Ferreira:**

Charles A. Stillman, Esq.
Nathaniel Ian Kolodny, Esq.
Scott M. Himes, Esq.
Stillman, Friedman & Shechtman, P.C.
425 Park Avenue
New York, New York 10022
(212) 223-0200

## EXHIBIT 1

| No. | Name | Address | No. of Shares |
|---|---|---|---|
| 1 | Madame Francine Archambault | 663 rue de Vimy<br>Sherbrooke, Quebec J1J 3N5<br>Canada | 400 |
| 2 | Belle B. Malone | 632 Valley Green Drive NE<br>Atlanta, GA 30342 | 350 |
| 3 | Monsieur Jacques S. Morissette | 49 rue Champigny<br>Sherbrooke, Quebec J1M 0A4<br>Canada | 300 |
| 4 | James H. Smith | 108 Morse Drive<br>Bristol, TN 37620 | 100 |